IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

    Plaintiff,                    No. CIV S-06-1761 MCE DAD P

    vs.

RHONDA HOLTORF, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4          The Civil Rights Act under which this action was filed provides as follows:
5          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
6          deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
7          law, suit in equity, or other proper proceeding for redress.
8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15         Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
20 allegations concerning the involvement of official personnel in civil rights violations are not
21 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
22         In the present case, plaintiff has named as defendants R. Holtorf, Kemp, Machado,
23 Y. Page, Knoetzsch, E.A. Reyes, S. Garcia, "KM," N. Grannis, R. Campbell, and DOES 1-20.  It
24 appears that the named defendants are all employed at either Mule Creek State Prison ("MCSP")
25 or the California Department of Corrections and Rehabilitation (CDCR).
26 /////

1  Plaintiff alleges that defendants have established an illegal policy of allowing
2 indigent prisoners to mail only a limited amount of legal mail to the courts and other legal
3 entities each week.  Plaintiff alleges that, on September 27, 2005, he turned over to correctional
4 staff at MCSP two envelopes that were clearly marked as confidential legal mail and addressed to
5 the Sacramento County Superior Court and the California Board of Control.  Plaintiff alleges that
6 he received the two envelopes back the following day and was forced to ask other prisoners for
7 two non-indigent envelopes and necessary postage to mail his legal mail.

8  Plaintiff alleges that, on October 5, 2005, he initiated the administrative grievance
9 process complaining about the incident.  He received a notice from defendant "KM" indicating
10 that his appeal had been forwarded to MCSP's mailroom for informal-level review and response.
11 Plaintiff also contends that defendant Reyes was supposed to forward the appeal to the Warden
12 for a determination of whether there had been misconduct by the individuals named therein.
13 Plaintiff contends that defendants KM and Reyes disregarded the proper procedure for processing
14 his administrative appeal.  Plaintiff alleges that defendant Holtorf also violated the proper
15 procedure when she interviewed him at the first-level of review because she had already
16 completed the formal-level written response prior to the interview.  Plaintiff notes that he
17 pursued his appeal through the highest level of review.

18  Plaintiff concludes that defendants were deliberately indifferent, negligent and
19 engaged in a conspiracy when they refused to send out his legal mail on September 27, 2005.
20 Plaintiff also concludes that defendants were deliberately indifferent in handling his
21 administrative appeals.  Plaintiff seeks declaratory relief, injunctive relief, and monetary
22 damages.

23  The allegations in plaintiff's complaint are so vague and conclusory that the court
24 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
25 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
26 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

4

the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff refers to DOES 1-20 and "KM" as defendants in his complaint. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If plaintiff files an amended complaint, he is advised that all defendants must be identified in the caption of his pleading, and all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. Plaintiff is advised that the court cannot order service of a complaint on defendants not actually named in the amended complaint.

In addition, plaintiff is advised that, in the section of the complaint in which the plaintiff is required to set forth a brief statement of the facts of the case, he must describe how each defendant has deprived him of his constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also advised that he must clarify in his amended complaint what constitutional or statutory right of his he believes each defendant has violated. If, for example, plaintiff believes that defendants have denied him access to the courts by not allowing him to mail his legal mail, he should state the claim clearly in his amended complaint. Plaintiff is cautioned, however, that he must demonstrate an "actual injury" to state a cognizable claim for

5

denial of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  At least with regard to his September 27, 2005 mail, it appears that plaintiff may have experienced some delay in sending his mail out but no actual injury appears to have resulted from that delay.  As plaintiff acknowledges in his complaint, the California Board of Control accepted his filing and rejected his claims on the merits.

Similarly, if plaintiff believes that defendants have discriminated against him based on his indigent status, he may wish to raise an equal protection claim.  Plaintiff is cautioned, however, that equal protection is relevant with respect to classifications that impermissibly operate to disadvantage a suspect class or improperly interfere with an individual's exercise of a fundamental right.  "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity."  Heller v. Doe, 509 U.S. 312, 319 (1993).  Here, at the very least, plaintiff will need to allege that he was treated differently from similarly situated inmates in connection with the prison mail policies.

Finally, plaintiff is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  This includes regulations concerning who may review inmate grievances.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 10, 2006 motion to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 11, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
neig1761.14a

7